| | |
|---|---|
| **Brian Kilmer – *24012963*** <br> **PHELPS DUNBAR LLP** <br> **910 Louisiana Street, Suite 4300** <br> **Houston, TX 77002** <br> **Telephone: 713-626-5230** <br> **Telecopier: 713-626-1388** <br> **Email: brian.kilmer@phelps.com** | **Danielle Mashburn-Myrick - *Pro Hac Vice*** <br> **PHELPS DUNBAR LLP** <br> **101 Dauphin St., Ste 1000** <br> **Mobile, AL  36602** <br> **P. O. Box 2727** <br> **Mobile, AL  36652** <br> **Telephone:  251-432-4481** <br> **Telecopier:  251-433-1820** <br> **Danielle.Mashburn-Myrick@Phelps.com** |

**ATTORNEYS FOR EMR ELEVATOR INC.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| CCC Wind Down, Inc., f/k/a Christian Care Centers, | § | CASE NO. 22-80000-sgj11 |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services, as Plan Administrator | § | |
| | § | |
| Plaintiff, | § | ADV. NO. 23-08000-sgj |
| v. | § | |
| EMR Elevator Inc. | § | |
| Defendant. | § | |

## EMR ELEVATOR INC.'S ANSWER

Without waiving and fully reserving any and all other defenses, and specifically reserving all benefits and advantages that may be had as a result of any errors, uncertainties, imperfections, and/or insufficiencies of the Plan Administrator's Complaint, and without waiving any claims EMR may have against the Plan Administrator, the Debtors, or any other individuals or entities, and any as may be further discovered and/or developed through further investigation and discovery herein, and without assuming the burdens of the Plan Administrator with respect to his claims and allegations of the Complaint, Defendant EMR Elevator Inc. ("EMR" or "Defendant") files this Answer to Plaintiff's Complaint and except as specifically admitted herein, the allegations of the Complaint are hereby denied:

## I. NATURE OF ACTION

1. The allegations of this paragraph require no response from EMR. To the extent a response is required, EMR denies that the Plan Administrator is entitled to avoid and recover any Transfers from it.

## II. JURISDICTION AND VENUE

2. EMR admits that the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). EMR admits that the Complaint purports to assert causes of action arising in, arising under, or related to the Debtors' bankruptcy cases under title 11 of the United States Code (the "Bankruptcy Code"). EMR denies the remaining allegations of this paragraph.

3. EMR admits that the adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Complaint asserts claims and causes of action to avoid and recover preferential and fraudulent transfers under sections 547, 548, 549, and 550 of the Bankruptcy Code, as well as the determination, allowance, disallowance, and liquidation of claims under section 502 of the Bankruptcy Code. EMR denies the remaining allegations of this paragraph.

4. EMR admits that venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409(A).

## III. PARTIES

5. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

6. EMR admits the allegations of this paragraph.

## IV. STATEMENT OF FACTS

**A. DEBTORS' BANKRUPTCY CASES**

7. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

8. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

9. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

10. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

11. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

12. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

13. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

**B. THE DEBTORS' BUSINESS HISTORY**

14. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

15. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

16. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

**C. EVENTS LEADING TO DEBTORS' BANKRUPTCY**

17. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

18. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

19. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

20. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

21. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

### D. THE PLAN ADMINISTRATOR'S AUTHORITY TO FILE LAWSUIT

22. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

23. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

24. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

### E. PRE-PETITION TRANSFERS TO DEFENDANT

25. EMR admits that it provided elevator maintenance, repair, and modernization services to one or more of the Debtors prior to and after the Petition Date.

26. EMR admits the allegations of Paragraph 26.

27. EMR admits that it provided elevator maintenance, repair, and modernization services to one or more of the Debtors prior to and after the Petition Date.

28. EMR admits that it received payments corresponding in amount to certain but not all of the "payment amounts" identified on Exhibit A. EMR denies the remaining allegations of this paragraph.

29. EMR denies the allegations of this paragraph.

30. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

31. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

32. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

33. EMR denies the allegations of this paragraph.

34. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

35. EMR denies the allegations of this paragraph.

F. PLAN ADMINISTRATOR'S INVESTIGATION OF TRANSFERS

36. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

37. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

38. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph. EMR specifically denies that the Plan Administrator has properly accounted for "new value" provided by Defendants on Exhibit A.

39. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph. EMR specifically denies that the Transfers were not made in the ordinary course of business between the Debtors and Defendant, and that the Transfers were not made in accordance with ordinary business terms.

40. EMR denies the allegations of this paragraph.

41. EMR admits that § 547(g) provides that the party against whom recovery is sought bears the burden of proof on defenses raised under § 547(c).

42. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

43. EMR denies the allegations of this paragraph.

### V. CAUSES OF ACTION

#### COUNT I:
#### AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 547

44. EMR incorporates all of the foregoing responses, denials, and statements by reference as if fully set forth herein.

45. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

46. EMR denies the allegations of this paragraph.

47. EMR denies the allegations of this paragraph.

48. EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

49. EMR admits that for purposes of the § 547 claims, § 547(f) provides a rebuttable presumption that the Debtors were involvement at that time of each Transfer.

50. EMR denies the allegations of this paragraph.

51.     EMR denies the allegations of this paragraph.

52.     EMR denies the allegations of this paragraph.

53.     The allegations of this paragraph require no response from EMR. To the extent a response is required, EMR denies the Plan Administrator's right to amend and supplement the Complaint to identify and assert additional allegedly preferential transfers.

## COUNT II:
### AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(A)(1)(B)

54.     EMR incorporates all of the foregoing responses, denials, and statements by reference as if fully set forth herein.

55.     EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

56.     EMR denies the allegations of this paragraph.

57.     EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

58.     EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

59.     EMR is without knowledge of the facts alleged sufficient to admit or deny the truth thereof, and therefore denies the allegations of this paragraph.

60.     EMR denies the allegations of this paragraph.

61.     The allegations of this paragraph require no response from EMR. To the extent a response is required, EMR denies the Plan Administrator's right to amend and supplement the Complaint to identify and assert additional allegedly fraudulent transfers.

## COUNT III:
### RECOVERY OF POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

62. EMR incorporates all of the foregoing responses, denials, and statements by reference as if fully set forth herein.

63. EMR denies the allegations of this paragraph.

64. EMR denies the allegations of this paragraph.

65. The allegations of this paragraph require no response from EMR.

66. The allegations of this paragraph require no response from EMR. To the extent a response is required, EMR denies the Plan Administrator's right to amend and supplement the Complaint to identify and assert additional allegedly unauthorized transfers.

### COUNT IV:
### RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550

67. EMR incorporates all of the foregoing responses, denials, and statements by reference as if fully set forth herein.

68. EMR denies the allegations of this paragraph.

69. EMR denies the allegations of this paragraph.

70. EMR denies the allegations of this paragraph.

### COUNT V:
### DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

71. EMR incorporates all of the foregoing responses, denials, and statements by reference as if fully set forth herein.

72. EMR denies the allegations of this paragraph.

73. EMR denies the allegations of this paragraph.

74. EMR admits that it has not paid the Plan Administrator the amount of the Transfers identified in Exhibit A, but denies that those Transfers are avoidable and denies that it is liable under section 550 of the Bankruptcy Code.

75. EMR denies the allegations of this paragraph.

## COUNT VI:
### RECOVERY OF ATTORNEYS' FEES, EXPENSES, AND COSTS OF COURT

76. EMR incorporates all of the foregoing responses, denials, and statements by reference as if fully set forth herein.

77. EMR denies that the Plan Administrator is entitled to recover attorneys' fees, expenses, and costs of court incurred in connection with this adversary proceeding against Defendant under applicable law.

## VI. JUDICIAL NOTICE

78. The allegations of this paragraph require no response from EMR. To the extent a response is required, EMR denies the substance of any unspecified allegations "incorporated by reference into this Complaint" for all purposes.

## VII. RESERVATION

79. The allegations of this paragraph require no response from EMR. To the extent a response is required, EMR denies that the Plan Administrator has the right to and or supplement the Complaint as set forth in this paragraph.

## VIII. PRAYER FOR RELIEF

80. EMR denies that the Plan Administrator is entitled to the relief sought against it in the unnumbered "Wherefore" paragraph under section VIII of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

EMR reserves the right to assert that some or all of the claims in the Complaint and the defenses thereto are subject to arbitration. By filing this Answer, EMR does not waive, but rather

specifically reserves any rights it may have to move to compel arbitration of some or all of the claims in the Complaint and the defenses thereto.

## SECOND DEFENSE

Some or all of the Transfers constitute contemporaneous exchange(s) for new value under 11 U.S.C. § 547(c)(1).

## THIRD DEFENSE

Some or all of the Transfers are excepted from avoidance as transfers made in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors made in the ordinary course of business as contemplated by 11 U.S.C. § 547(c)(2).

## FOURTH DEFENSE

Some or all of the Transfers are excepted from avoidance since EMR gave new value to or for the benefit of the Debtors not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of EMR under 11 U.S.C. § 547(c)(4).

## FIFTH DEFENSE

EMR expressly reserves all rights to setoff.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Bankruptcy Rule 7012(b).

Dated: December 8, 2023.

Respectfully submitted,

**EMR ELEVATOR, INC.**

BY:     */s/ Brian Kilmer*
             Brian Kilmer Bar No. ***24012963***
             PHELPS DUNBAR LLP
             910 Louisiana Street, Suite 4300
             Houston, TX 77002
             Telephone: 713-626-5230
             Telecopier: 713-626-1388
             Email: brian.kilmer@phelps.com

             Danielle Mashburn-Myrick, (*pro hac vice pending*)
             PHELPS DUNBAR LLP
             101 Dauphin St., Ste 1000, Mobile, AL 36602
             P. O. Box 2727, Mobile, AL 36652
             Telephone: 251-432-4481
             Telecopier: 251-433-1820
             Danielle.Mashburn-Myrick@Phelps.com

             *Attorneys for EMR Elevator*

## **CERTIFICATE OF SERVICE**

      This is to certify that on December 8, 2023, the undersigned caused a true and correct copy of the foregoing pleading to be served electronically on all registered ECF users in this case.

             */s/ Brian Kilmer*
             Brian Kilmer

- 11 -